Horton & Coleman, Inc., v. Houser.

4-5898 139 S. W. 2d 53

Opinion delivered April 8, 1940.

*Brewer & Cracraft,* for appellant.

*J. M. Jackson,* for appellee.

Smith, J. Appellee recovered a judgment to compensate a personal injury which we are asked to reverse on this appeal therefrom for the following reasons:

"(1) There was no evidence that the appellant had not used reasonable care in furnishing appellee a safe place to work or safe appliances and, therefore, an instruction on this issue was abstract and misleading.

"(2) There was no evidence of negligence.

"(3) The knowledge of appellee as to the peril of the employment was equal to or superior to that of the appellant.

"(4) The injury was due to a risk assumed by the appellee."

Testimony was offered on appellee's behalf to the following effect. On December 12, 1938, appellant was engaged in constructing a levee, in which operation a large electric machine was used in moving the earth. It became necessary to change the armature in an electric motor. An old armature was removed, and a new one was resting on a board on a steel floor of the machine, the board being 3 inches thick, 8 inches wide, and 6 or 8 feet long. The armature was described as being in the form of a light bulb or keg, and only about one inch of it touched or rested on the board on which it was being moved. It weighed about a ton.

All the witnesses in the case, like appellee, were employees of appellant, and one of these, J. E. Payne, testified that he was an electrician and master mechanic, but was carried on the payroll as a superintendent. Payne testified that he had installed or had assisted in the installation of hundreds of armatures, and he described the usual method in which that service was performed. He said it was unsafe and an improper method to slide the armature as was being done when appellee was injured, because it was round and would roll off a single board. Usually, the crate, in which the armature is shipped, is left on unless the armature is put in place with a crane; if put in place with a crane, it is taken out of the crate and slided into position with the crane. Here, the armature was being shoved into place on a board, which was not wide enough to balance it. Two boards should have been used, or if only one was used, the armature should have been "chocked" with pieces of wood or something else to prevent it from rolling. This was not done. The armature was on a steel floor, through which bolts extended, over which the armature could not be slided, and it was necessary to use a board to get it over them. He further testified: "If there had been a board split apart, it would have held it so the round part of the armature would have gone down in the track."

This and other testimony to the same effect, which appears to be undisputed, supports the finding that ap-

pellee performed his services in a place rendered unsafe by the imroper manner in which the armature was being moved. This question of fact was submitted to the jury, and is concluded by the verdict.

Appellee testified that he was a Tower Machine Operator, and that he had had 23 years' experience in that service. A grass rope had been used to assist in pulling the armature to the place where it was when he was injured. He was called upon to untie the grass rope, and he attached a chain to the chain hoist. He did not know the armature was on a board, and had no reason to suspect that it was, "as we had never been accustomed to taking them out of the crate and putting them on in that way. . . . The board was on the rivets, and it had a tendency to rock, and this armature rolled over," and upon his foot while he was untieing the rope.

This testimony on behalf of appellee appears to be uncontradicted or, if not, it is at least sufficient to support the finding that the armature could have been made steady and safe by blocking or scotching it on both sides or by using another board, and the jury was, therefore, warranted in finding that appellant was negligent in not furnishing appellee a safe place in which to work.

Liability is denied upon the ground that, if there was negligence, the defective appliance constituting it was open and obvious and could have been seen and known to appellee without inspection and the risk of injury was, therefore, assumed. But appellee testified that he did not see the board under the armature, and that if he had thought of the matter at all, he would have assumed that he had been furnished a safe place in which to unfasten the rope and to fasten the chain, as had always been done in the past. In other words, he did not know, and, without inspection, could not have known, that the armature was in a dangerous position which would cause it to roll when he undertook to perform his duty with reference to it.

A case was therefore made for the jury upon all the defenses interposed which were submitted to the jury under correct instructions.

The judgment must therefore be affirmed, and it is so ordered.